Kirkpatrick, C. J. and Rosstat, J.
Were clearly against the rule.
Pennington J.
It is true, a rule to change the venue on a common affidavit has been refused in the case of Smith v. Bashford, some considerable time ago. I inclined to think at that time, and have not changed my opinion since, that the rule to change the venue, on the common affidavit, owes its origin to the principles of the common law; that causes should be tried by the neighbors where the matter was transacted, and the cause of action arose. The English statute is in furtherance of that principle, and our act of Assembly docs not impair it, but was made to restrain plaintiffs from capriciously laying the venue in any remote corner of the [*] State, to the oppression and vexation of defendants ; hut I cannot perceive wliy the Court, in exercising the discretion vested in it by the statute, should not adhere to the common law principle of trying the controversy where the cause of action arose, by a jury of the neighbors, which the changing the venue on the common affidavit is intended to effect. But the case of Smith v. Bashford, and the opinion of my brethren at this time, has settled the point; so that in future, it must be understood that the venue in this Court, will not be changed on the common affidavit, but that on all motions to change the venue, special circumstances must be made out by affidavit, on which, the Court will exercise the discretion which the statute has invested them with. Rule refused.*

 The English statutes on the subject are short, and as follows: — VI Richard the II, C. 2. “To theintent that writs of account, and all other such actions, be from henceforth taken in!their counties, and directed to sheriffs of the counties where the contracts of the same actions did arise; it is ordained and accorded, that if from henceforth in pleas upon the same writs, it shall be declared, that the contract thereof was made in. another county than is contained in the original writ, that then incontinently, the same writ shall be utterly abated.” This not expressly forbidding the *390 writ to be sued in a foreign county, As Henry 4, C. 18, directs all 'attorniesto be sworn, “that they make no suit in a foreign county.” Our act of Assembly, on the same subject, Pat. 393, isas follows: “That an action merely transitory, shall, at the discretion of the Court, be tried in the county in which the cause of action arose, or the plaintiff or defendant reside at the time of instituting such action; or if the defendant shall not be an inhabitant of this State, in the county in which process shall pave been served against him.”